# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LESLIE DANIELS, and ) <br> JANEKIA BARNES, individually ) <br> and on behalf of all similarly ) <br> situated persons, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ATLANTA INDEPENDENT ) <br> SCHOOL SYSTEM, ) <br> a/k/a ATLANTA PUBLIC ) <br> SCHOOLS, ) <br> ) <br>     Defendants. ) <br> _____ ) | CIVIL ACTION <br> FILE NO. _____ <br><br><br><br> **JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Leslie Daniels ("Daniels") and Janekia Barnes ("Barnes") (collectively "Plaintiffs") present the following claims, on behalf of themselves and all similarly situated persons, against Defendant Atlanta Independent School System, also known as Atlanta Public Schools ("Defendant" or "APS").

## JURISDICTION AND VENUE

1.

This is an action for unpaid overtime under the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201 *et seq.* Pursuant to 28 U.S.C. § 1331, this

Court has federal question jurisdiction over this Complaint.

2.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in the State of Georgia and within the Northern District of Georgia.

3.

Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this Complaint occurred within the Northern District of Georgia.

## **PARTIES**

4.

Plaintiff Leslie Daniels works for APS as a school bus driver and is non-exempt employee.

5.

Plaintiff Janekia Barnes works for APS as a school bus driver and is non-exempt employee.

6.

Plaintiffs are employees as defined by 29 U.S.C. § 203(e).

7.

Plaintiffs' consent forms to join this action are attached as Exhibits A (Daniels) & B (Barnes).

8.

To date, six APS bus drivers have consented to bring overtime claims against APS by filing their consent forms with this Court. (*See* Exs. C-H.)

9.

As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs if they receive notice of their right to opt in.

10.

All named or opt-in plaintiffs are or have been classified as non-exempt.

11.

Defendant Atlanta Independent School System ("APS") is a body corporate organized and existing under the Constitution and the laws of the State of Georgia.

12.

APS is controlled and managed by the Atlanta Board of Education.

13.

APS headquarters is located at 130 Trinity Ave. Atlanta, GA 30303.

14.

APS is an employer as defined by 29 U.S.C. § 203(d).

15.

APS may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for service of process.

## COLLECTIVE ACTION ALLEGATIONS

16.

Plaintiffs bring this action on behalf of themselves and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

17.

Plaintiffs, opt-ins, and others similarly situated were or are employed by Defendant as non-exempt bus drivers.

18.

Plaintiffs, opt-ins, and others similarly situated have had the primary duty of transporting students to or from Atlanta Public Schools within three years prior to filing this Complaint.

19.

Plaintiffs, opt-ins, and others similarly situated were not paid proper overtime compensation for some or all of their work activities.

20.

Plaintiffs seek certification of a class of individuals defined as:  All school-bus drivers who have worked for APS anytime during the three year period prior to the filing of this lawsuit and who worked in excess of forty (40) hours in any workweek during that three year period of time.

21.

Plaintiffs, opt-ins, and the proposed class members are similarly situated because they are all non-exempt bus drivers whose duties consisted primarily or exclusively of transporting APS students to and/or from school.

22.

Plaintiffs, opt-ins, and the proposed class members are also similarly situated because they routinely worked in excess of forty (40) hours per week performing bus driving duties for APS.

23.

Plaintiffs, opt-ins, and the proposed class members are also similarly situated because Defendant routinely failed to pay them proper overtime compensation for work performed in excess of forty (40) hours per week in violation of the FLSA, even though Defendant knew that Plaintiffs and those similarly situated were working in excess forty (40) hours per week.

24.

Defendant knowingly requires Plaintiffs, opt-ins, and the similarly situated individuals to work in excess of forty (40) hours per week without compensating them at time and a half for their overtime hours.

25.

Defendant is aware that Plaintiffs, opt-ins, and the similarly situated individuals work time for which they are not compensated because, among other reasons, their time sheets clearly reflect a failure to compensate them at time and a half for hours over forty (40) each week.

26.

Defendant's actions were knowing and willful.

27.

Upon information and belief, the amount of uncompensated time Plaintiffs, opt-ins, and the similarly situated individuals spent on their required and unpaid work activities averages between one (1) and ten (10) hours per week, per person. This continues to result in overtime hours reflected in payroll and time records of Defendant for which Plaintiffs, opt-ins, and the similarly situated individuals are not properly compensated.

## COUNT I
## Willful Failure and Refusal to Pay Overtime in Violation of the FLSA

28.

Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

29.

During the statutory period, Plaintiffs, opt-ins, and the similarly situated individuals have been employed by Defendant as non-exempt bus drivers.

30.

Defendant failed to properly compensate Plaintiffs, opt-ins, and those similarly situated under the FLSA, 29 U.S.C. § 207, which requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

31.

 Defendant violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiffs, opt-ins, and the similarly situated individuals for time spent on work as described in the Complaint.

32.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs, opt-ins, and the similarly situated individuals have suffered and continue to suffer a

loss of income and other damages. Plaintiffs, opt-ins, and similarly situated individuals are entitled to liquidated damages and also to attorneys' fees and costs incurred in connection with this claim.

33.

Defendant knew, or showed reckless disregard for the fact that it failed to pay these individuals for overtime hours worked.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, opt-ins, and all employees similarly situated who opt in to this action ("opt-ins") demand a **TRIAL BY JURY** and the following relief:

a. Issuance of notice as soon as possible to all persons who were employed by Defendant during any portion of the three years immediately preceding the filing of this Complaint performing non-exempt, bus driving services. This notice should inform them that this action has been filed, describe the nature of the action, explain their right to opt-in to this lawsuit if they worked in excess of forty hours per week and were not paid proper overtime compensation, and inform them of Defendant's duty not to retaliate against any participant for joining the lawsuit;

b.  Judgment against Defendant for an amount equal to Plaintiffs and the opt-ins' unpaid back wages at the applicable overtime rates for a period of three years;

c.  Liquidated damages in an additional amount equal to unpaid overtime wages, calculated at the applicable hourly pay rate;

d.  Application of the 3 year Statute of Limitations to Plaintiffs, opt-ins, and similarly situated individuals because of Defendant's willful conduct;

e.  Leave to add additional plaintiffs or opt-ins by motion, the filing of written consent forms, or any other method approved by the Court;

f.  Attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

g.  Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 27th day of August, 2014.

                THE BUCKLEY LAW FIRM, LLC

                s/ Steven E. Wolfe
                Georgia Bar No. 142441
                sewolfe@buckleylawatl.com
                Paul Chichester IV
                Georgia Bar No. 189958
                pchichester@buckleylawatl.com

Promenade, Suite 900
1230 Peachtree Street NE
Atlanta, Georgia  30309
Telephone:  (404) 781-1100
Facsimile:   (404) 781-1101

Attorneys for Plaintiffs